UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

| | | |
|---|---|---|
| ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; and CAPITOL RECORDS, INC., a Delaware corporation,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>JOHN DOE,<br><br>　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION No.<br><br>MAGISTRATE JUDGE _____<br><br>05C 11102 NG<br><br>RECEIPT # _____<br>AMOUNT $ _____<br>SUMMONS ISSUED _____<br>LOCAL RULE 4.1 _____<br>WAIVER FORM _____<br>MCF ISSUED _____<br>BY DPTY. CLK. _____<br>DATE _____ |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiffs assert the following claims against Defendants.

**JURISDICTION AND VENUE**

1.　This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

2. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a). Although the true identity of Defendant is unknown to Plaintiffs at this time, on information and belief, Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because Defendant, without consent or permission of the copyright owner, disseminated over the Internet copyrighted works owned and/or controlled by the Plaintiffs. On information and belief, such illegal dissemination occurred in every jurisdiction in the United States, including this one. In addition, Defendant uses an online service provider found in this District to access the Internet, which facilitated Defendant's infringing activities.

## PARTIES

4. Plaintiff Elektra Entertainment Group Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

5. Plaintiff Arista Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

6. Plaintiff Capitol Records, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

7. The true names and capacities of the Defendant are unknown to Plaintiffs at this time. Defendant is known to Plaintiffs only by the Internet Protocol ("IP") address assigned to Defendant by his or her online service provider on the date and time at which the infringing activity of Defendant was observed. See Exhibit A. Plaintiffs believe that information obtained in discovery will lead to the identification of Defendant's true name.

## COUNT I

### INFRINGEMENT OF COPYRIGHTS

8. Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

9. Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, including, but not limited to, all of the copyrighted sound recordings on Exhibit A to this Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to each Plaintiff as specified on each page of Exhibit A.

10. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

11. Plaintiffs are informed and believe that each Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download, distribute to the public, and/or make available for distribution to others, certain of the Copyrighted Recordings. Exhibit A identifies a list of copyrighted recordings that Defendant has, without the permission or consent of Plaintiffs, downloaded, distributed to the public, and/or made available for distribution to others. In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and/or exclusive rights under copyright. (In addition to the sound recordings listed for Defendant on Exhibit A, Plaintiffs are informed and believe that Defendant has, without the permission or consent of Plaintiffs, downloaded, distributed to the public, and/or made available for distribution to others additional sound recordings owned by or exclusively licensed to the Plaintiffs or Plaintiffs' affiliate record labels.)

12. Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on each respective album cover of each of the sound recordings identified in Exhibit A. These notices of copyright appeared on published copies of each of the sound recordings identified in Exhibit A. These published copies were widely available, and each of the published copies of the sound recordings identified in Exhibit A were accessible by Defendant.

13. Plaintiffs are informed and believe that the foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiffs.

14. As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) against Defendant for each infringement by the Defendant of each copyrighted recording. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

15. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights, and ordering that Defendant destroy all copies of copyrighted sound recordings made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation

by using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2. For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3. For Plaintiffs' costs in this action.

4. For Plaintiffs' reasonable attorneys' fees incurred herein.

5. For such other and further relief as the Court may deem just and proper.

ELEKTRA ENTERTAINMENT GROUP INC.; ARISTA RECORDS LLC; and CAPITOL RECORDS, INC.

By their attorneys,

DATED: 5/26/05

By: _____
Colin J. Zick (BBO No. 556538)
Gabriel M. Helmer (BBO No. 652640)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Phone: (617) 832-1000
Fax:    (617) 832-7000

**Exhibit A**

**Doe #1 (128.103.186.197 2005-04-26 21:36:18 (EDT))**

| COPYRIGHT OWNER | ARTIST | RECORDING TITLE | ALBUM TITLE | SR# |
|---|---|---|---|---|
| Arista Records LLC | Whitney Houston | Saving All My Love For You | Whitney Houston | 60-716 |
| Elektra Entertainment Group Inc. | Moby | James Bond Theme | I Like To Score | 252-365 |
| Capitol Records, Inc. | Norah Jones | The Nearness of You | Come Away With Me | 320-120 |
| Capitol Records, Inc. | Norah Jones | One Flight Down | Come Away With Me | 320-120 |
| Capitol Records, Inc. | Norah Jones | Seven Years | Come Away With Me | 320-120 |

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _____

    **ELEKTRA ENTERTAINMENT GROUP v. DOES 1 - 1**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ____ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

    ____ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ____ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ____ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

    **SEE ATTACHMENT A**

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

    YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

    YES ☐    NO ☒

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

    YES ☐    NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

    YES ☐    NO ☒

7. DO **ALL** OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

    YES ☒    NO ☐

    A.  IF YES, IN WHICH DIVISION DO **ALL** OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        EASTERN DIVISION ☒    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

    B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  **COLIN J. ZICK (BBO No. 556538), GABRIEL M. HELMER (BBO No. 652640)**
ADDRESS  **FOLEY HOAG LLP, 155 Seaport Boulevard, Boston, MA 02210-2600**
TELEPHONE NO. **(617) 832-1000/fax (617) 832-7000**

(Cover Sheet local.wpd-11/27/00)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
ELEKTRA ENTERTAINMENT GROUP INC.; ARISTA RECORDS LLC; and CAPITOL RECORDS, INC.

**(b)** County of Residence of First Listed Plaintiff **NEW YORK, NEW YORK**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
COLIN J. ZICK (BBO No. 556538)    Phone: (617) 832-1000
GABRIEL M. HELMER (BBO No. 652640)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600

**DEFENDANTS**
JOHN DOE
County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an 'X' in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| Judgment | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☒ 820 Copyrights | Corrupt Organizations |
| ☐ 151 Medicare Act | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| Student Loans | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| (Excl. Veterans) | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| of Veteran's Benefits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 160 Stockholders' Suits | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW | 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | 405(g) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | Injury | | & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | Security Act | | Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | Determination Under |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities- | ☐ 540 Mandamus & Other | | 26 USC 7609 | ☐ 950 Constitutionality of |
| | Employment | ☐ 550 Civil Rights | | | State Statutes |
| | ☐ 446 Amer. w/Disabilities- | ☐ 555 Prison Condition | | | ☐ 890 Other Statutory Actions |
| | Other | | | | |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
17 U.S.C. § 501 et seq.
Brief description of the cause: copyright infringement

**VII. REQUESTED IN COMPLAINT**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Statutory damages; injunction
CHECK YES only if demanded in complaint
JURY DEMAND:  ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions)  SEE ATTACHMENT A
JUDGE _____  DOCKET NUMBER _____

DATE 5/26/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT# ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

**ATTACHMENT A**

This lawsuit is related to the following cases pending or closed within the past two (2) years in the United States District Court for the District of Massachusetts, Eastern Division:

Capitol Records, Inc., et al. v. Alaujan, Lead Docket No. 03-11661 NG

London-Sire Records Inc., et al. v. Does, Docket No. 04-12434 NG

Interscope Records, et al. v. Does, Docket No. 04-12435 NG

Maverick Recording Company, et al. v. Doe, Docket No. 04-12436 NG

Atlantic Recording Corp., et al. v. Does, Docket No. 04-12437 NG

Capitol Records, Inc., et al. v. Doe, Docket No. 04-12438 NG

Loud Records, LLC, et al. v. Does, Docket No. 04-12439 NG

BMG Music, et al. v. Does, Docket No. 05-10168 NG

Interscope Records, et al. v. Does, Docket No. 05-10160 NG

Motown Record Company, L.P., et al. v. Does, Docket No. 05-10159 NG

UMG Recordings, Inc., et al. v. Does, Docket No. 05-10169 NG

Virgin Records America, Inc., et al. v. Dubrock, Docket No. 05-10158 NG

Capitol Records Inc., et al. v. Does, Docket No. 05CV10565 NG

Virgin Records America, Inc. et al. v. Does, Docket No. 05CV10566 NG

Sony BMG Music Entertainment et al. v. Doe, Docket No. 05CV10567 NG

Interscope Records et al. v. Doe, Docket No. 05CV10569 NG

Atlantic Recording Corp. et al. v. Does, Docket No. 05CV10568 NG

Capitol Records Inc., et al. v. Does, Docket No. 05CV10731 NG

Motown Record Company, L.P., et al. v. Does, Docket No. 05CV10732 NG

Atlantic Recording Corp. et al. v. Does, Docket No. 05CV10733 NG

London-Sire Records, Inc., et al. v. Does, Docket No. 05CV10734 NG

This lawsuit is related to the following cases pending or closed within the past two (2) years in the United States District Court for the District of Massachusetts, Central Division:

Warner Bros. Records Inc., et al. v. Duteau, Docket No. 04-40165 FDS

Sony Music Entertainment Inc., et al. v. D'Mato, Docket No. 04-40166 FDS

Capitol Records, Inc, et al. v. Fitzpatrick, Docket No. 04-40168 FDS

Arista Records Inc., et al. v. Doe, Docket No. 04-40240 FDS

Maverick Recording Company, et al. v. Hagerty, Docket No. 04-40167 FDS

London-Sire Records Inc., et al. v. Totolos, Docket No. 05-40016 FDS

BMG Music et al. v. Doe, Docket No. 05-40055 FDS

This lawsuit is also related to the following cases pending or closed within the past two (2) years in the United States District Court for the District of Massachusetts, Western Division:

Motown Record Company, L.P., et al. v. Adams, Docket No. 04-30134 MAP

Arista Records Inc., et al. v. Skowyra, Docket No. 04-30135 MAP

Loud Records, LLC, et al. v. Thurston, Docket No. 04-30136 MAP

Arista Records Inc., et al. v. Aberdale, Docket No. 04-30164 MAP

Virgin Records America, Inc., et al. v. Doe, Docket No. 04-30223 KPN

Sony BMG Music Entertainment, et al. v. Doe, Docket No. 04-30224 MAP

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

**ATTACHMENT A**

This lawsuit is related to the following cases pending or closed within the past two (2) years in the United States District Court for the District of Massachusetts, Eastern Division:

Capitol Records, Inc., et al. v. Alaujan, Lead Docket No. 03-11661 NG

London-Sire Records Inc., et al. v. Does, Docket No. 04-12434 NG

Interscope Records, et al. v. Does, Docket No. 04-12435 NG

Maverick Recording Company, et al. v. Doe, Docket No. 04-12436 NG

Atlantic Recording Corp., et al. v. Does, Docket No. 04-12437 NG

Capitol Records, Inc., et al. v. Doe, Docket No. 04-12438 NG

Loud Records, LLC, et al. v. Does, Docket No. 04-12439 NG

BMG Music, et al. v. Does, Docket No. 05-10168 NG

Interscope Records, et al. v. Does, Docket No. 05-10160 NG

Motown Record Company, L.P., et al. v. Does, Docket No. 05-10159 NG

UMG Recordings, Inc., et al. v. Does, Docket No. 05-10169 NG

Virgin Records America, Inc., et al. v. Dubrock, Docket No. 05-10158 NG

Capitol Records Inc., et al. v. Does, Docket No. 05CV10565 NG

Virgin Records America, Inc. et al. v. Does, Docket No. 05CV10566 NG

Sony BMG Music Entertainment et al. v. Doe, Docket No. 05CV10567 NG

Interscope Records et al. v. Doe, Docket No. 05CV10569 NG

Atlantic Recording Corp. et al. v. Does, Docket No. 05CV10568 NG

Capitol Records Inc., et al. v. Does, Docket No. 05CV10731 NG

Motown Record Company, L.P., et al. v. Does, Docket No. 05CV10732 NG

Atlantic Recording Corp. et al. v. Does, Docket No. 05CV10733 NG

London-Sire Records, Inc., et al. v. Does, Docket No. 05CV10734 NG

This lawsuit is related to the following cases pending or closed within the past two (2) years in the United States District Court for the District of Massachusetts, Central Division:

Warner Bros. Records Inc., et al. v. Duteau, Docket No. 04-40165 FDS

Sony Music Entertainment Inc., et al. v. D'Mato, Docket No. 04-40166 FDS

Capitol Records, Inc, et al. v. Fitzpatrick, Docket No. 04-40168 FDS

Arista Records Inc., et al. v. Doe, Docket No. 04-40240 FDS

Maverick Recording Company, et al. v. Hagerty, Docket No. 04-40167 FDS

London-Sire Records Inc., et al. v. Totolos, Docket No. 05-40016 FDS

BMG Music et al. v. Doe, Docket No. 05-40055 FDS

This lawsuit is also related to the following cases pending or closed within the past two (2) years in the United States District Court for the District of Massachusetts, Western Division:

Motown Record Company, L.P., et al. v. Adams, Docket No. 04-30134 MAP

Arista Records Inc., et al. v. Skowyra, Docket No. 04-30135 MAP

Loud Records, LLC, et al. v. Thurston, Docket No. 04-30136 MAP

Arista Records Inc., et al. v. Aberdale, Docket No. 04-30164 MAP

Virgin Records America, Inc., et al. v. Doe, Docket No. 04-30223 KPN

Sony BMG Music Entertainment, et al. v. Doe, Docket No. 04-30224 MAP